IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBBIE NOLAN, ) | | |
| MICHAEL SCHAFER ) | | |
| and FABIAN JONES ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Case No. 07 C 0986 | |
| ) | | |
| RETRONIX, INC., ) | | |
| RETRONIX IRELAND ) | | |
| and BASIL HOLIAN, ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Robbie Nolan, Michael Schafer, and Fabian Jones sued Retronix, Inc. ("Retronix"), Retronix Ireland Ltd. ("Retronix Ireland"), and Basil Holian, alleging various contract breaches and intentional torts. Retronix has moved for sanctions against plaintiffs, their attorneys, and their attorneys' law firms, pursuant to Federal Rule of Civil Procedure 11. For the following reasons, the Court denies Retronix's motion.

### Background

In their second amended complaint, filed on July 9, 2007, plaintiffs allege the following facts.[1] In January 2004, each of them entered into an employment contract with Retronix.

---

[1] Plaintiffs filed their original complaint on February 21, 2007, their amended complaint on March 19, 2007, and a motion to file a second amended complaint on June 14, 2007.

1

Under the contracts, Retronix agreed to hire plaintiffs for a minimum period of one year beginning January 5, 2004, and plaintiffs agreed to work at an Intel facility in Leixlip, Ireland. Nolan and Jones had written contracts countersigned by Retronix in May 2004. Schafer apparently had no written contract but nevertheless worked for Retronix in 2004 and 2005. The contracts stated that plaintiffs would receive $47,000 per year as salary, 22,000 Euros, tax-free, for expenses, and compensation for airfare to and from Ireland at the beginning and end of plaintiffs' employment there.

Retronix prepared the paperwork required for plaintiffs, all of whom are United States citizens, to obtain work permits from the Irish government. Plaintiffs began working for Retronix in Ireland in March 2004 after receiving their work permits that month or the previous month. Retronix informed plaintiffs that it was legally obligated to hold their work permits and asked plaintiffs to turn over their permits, which they did. Retronix also informed plaintiffs that it would apply for extensions of the work permits on plaintiffs' behalf at the appropriate time.

Plaintiffs allege that Retronix breached the contracts by failing to reimburse plaintiffs as agreed for various expenses (Count 1), failing to pay plaintiffs their complete salaries on time (Count 2), deducting from each plaintiff's salary the cost of his return flight from Ireland to the United States (Count 3), making unauthorized deductions from plaintiffs' wages (Count 4), failing to provide Nolan and Jones with the required one month notice of intent to terminate the contracts (Count 5), failing to have plaintiffs medically cleared for employment at the Intel plant (Count 6), failing to take the steps necessary to obtain and renew appropriate work permits (Counts 7 and 9), failing to assess plaintiffs' performance as required (Count 8), and failing to properly report plaintiffs' wages and withholdings (Count 10). Plaintiffs further allege that

Retronix violated the Illinois Wage Payment and Collection Act by failing to pay in full the compensation due after plaintiffs' separation (Count 11), making unauthorized deductions from plaintiffs' wages (Count 12), and failing to pay plaintiffs at least semi-monthly (Count 13).

Plaintiffs have also asserted claims against Retronix Ireland, which they allege, on information and belief, is a wholly-owned subsidiary of Retronix, and against Holian, an officer of Retronix Ireland, for battery (Count 14), assault (Count 15), and intentional infliction of emotional distress (Count 16). Plaintiffs allege that these claims arise from a series of incidents in February 2005, culminating in Holian grabbing Nolan's hand, squeezing it hard while pushing Nolan against a door, and warning Nolan that if he failed to leave Ireland by the next day, Holian would hurt him. Retronix Ireland is sued on these claims, it appears, on a theory of *respondeat superior*.

Plaintiffs seek damages from Retronix of at least one million dollars for the breaches of contracts and one million dollars for Retronix's failure to properly report plaintiffs' income and withholdings to the IRS and state taxing authorities. Plaintiffs also seek damages from Retronix Ireland and Holian of one million dollars for the alleged assault and battery and one million dollars for the intentional infliction of emotional distress.

**Discussion**

Retronix has moved for Rule 11 sanctions against plaintiffs, their attorneys, Kelly I. Beeman and Antonio Romanucci, and their attorneys' respective firms, Beeman Law Offices and Romanucci & Blandin, LLC. Retronix contends that it never employed plaintiffs and that it is not the parent of Retronix Ireland, which Retronix contends evidently employed plaintiffs. Retronix also argues that there is no factual basis to support the damages plaintiffs request.

Retronix argues that plaintiffs and their attorneys failed to conduct a reasonable inquiry into the purported parent-subsidiary relationship between Retronix and Retronix Ireland; the complaint and its amendments were filed for the improper purpose of harassing Retronix; and plaintiffs have no evidence to support their factual and legal contentions. Retronix requests that the Court impose financial penalties and dismiss plaintiffs' second amended complaint.

"The central purpose of Rule 11 is to deter baseless or frivolous filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Under Rule 11, an attorney's filing of a complaint constitutes a certification that to the best of the filer's knowledge, information and belief, formed after a reasonable inquiry under the circumstances, the pleading is not being presented for an improper purpose, the claims and legal contentions are warranted by existing law or by a nonfrivolous argument for change in the law, and there is evidentiary support for the allegations and factual contentions. Fed. R. Civ. P. 11(b)(1)–(3). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).

As to the relationship between Retronix and Retronix Ireland, Retronix argues that plaintiffs and their attorneys knew or should have known that Retronix has never owned or controlled Retronix Ireland. Retronix notes that Retronix Ireland, as an Irish limited company, is required by statute to file documents with that country's Companies Registration Office ("CRO") and that most of these filings are available on-line for a fee. Retronix claims that these documents[2] show that 100 shares of Retronix Ireland stock were issued during the period

---

[2] The documents include the company's Memorandums and Articles of Association, its Annual Returns for the years 2004 through 2006, its Abridged Financial Statements for the years 2004 to 2006, and a Special Resolution dated November 23, 2006.

applicable to plaintiffs' claims and that no shares were issued to Retronix. Retronix further contends that the online documents show that Holian and Anthony Boswell were the directors of Retronix Ireland, and that the parent company of Retronix Ireland is Westerwood Investment Holdings Limited, not Retronix.

Imposition of Rule 11 sanctions is inappropriate at this time, and under the existing circumstances, for several reasons. First, the thrust of Retronix's motion is that it cannot be held liable for plaintiffs' employment-related claims because it did not employ plaintiffs and lacks a relationship with Retronix Ireland that would allow Retronix to be held liable if plaintiffs were, in fact, employed by Retronix Ireland. The Court cannot accept this contention based on the record as it now stands. In their response to Retronix's Rule 11 motion, plaintiffs state that they believe Holian maintains a significant ownership interest in both Retronix and Retronix Ireland and that they have documentation suggesting that the two entities had overlapping business dealings, structure, or both. Plaintiffs also filed, with their complaint, a copy of Nolan's employment contract that appears to have been signed on behalf of Retronix, not Retronix Ireland. Although Retronix contests the authenticity of this document, the Court is not required to accept as true Retronix's evaluation of plaintiffs' evidence. It is premature at this stage of the case to determine Retronix's potential liability.

Second, plaintiffs contend that their claims against Retronix are not wholly predicated on the existence of a parent-subsidiary relationship between Retronix and Retronix Ireland. If this is the case, Retronix's liability to plaintiffs does not depend on plaintiffs' allegation of a relationship between the companies. Though plaintiffs may be unable to sustain their claim on this theory, it is premature for the Court to award sanctions against plaintiffs for naming as a

5

defendant a party whose liability has not yet been determined.

Retronix also contends that plaintiffs have no basis to seek one million dollars in damages for its purported breaches of contract and one million dollars for its alleged improper reporting to taxing authorities. Retronix argues that plaintiffs' failure to provide Retronix with a calculation of how they arrived at these sums demonstrates that they have no basis for seeking them.

Plaintiffs' requested damages, whether or not Retronix believes they are supportable, do not subject them to Rule 11 sanctions. First of all, it is difficult to see how Retronix is prejudiced, unfairly or otherwise, by the amount of the *ad damnum*. Plaintiffs are required to specify their damages in their disclosures under Federal Rule of Civil Procedure 26(a)(1), and if those disclosures are similarly general or are unsupported, Retronix may seek relief from the Court. In any event, the Court is not in a position to assess the likely amount of recovery at this early stage of the case; damages are determined at a later stage. To the extent Retronix believes that plaintiffs have inflated their requested damages for the purpose of satisfying diversity requirements, "whether damages will exceed $75,000 is not a fact but a prediction." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Because the Court cannot yet conclude that the damages claimed are either baseless or frivolous, granting Retronix's motion would not further the goals of Rule 11.

Retronix is correct, however, in noting that plaintiffs are out of compliance with federal discovery rules. In its briefs, Retronix points out that plaintiffs have yet to produce anything or make any disclosures of information to Retronix. Plaintiffs do not deny this; instead, in their response, they claim that Retronix has not submitted a formal discovery request and that the

discovery phase has not yet begun. This assertion is troubling because it reflects a lack of a basic understanding of Federal Rule of Civil Procedure 26(a)(1).[3] Under Rule 26(a)(1), parties must provide initial disclosures to the other parties, without awaiting a discovery request, of (i) the names of individuals who have information pertaining to the party's claims, defenses, or both; (ii) a copy of, or a description of, all documents in the party's possession, custody, or control supporting that party's claims, defenses, or both; (iii) a computation of the party's damages; and (iv) a copy of any insurance agreement that may satisfy, in whole or in part, any judgment entered against that party. Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv). These disclosures should have been made long ago, as the Rule 26(f) conference was held months ago. As part of this order, the Court will direct plaintiffs to make their Rule 26(a)(1) disclosures promptly.

## CONCLUSION

For the foregoing reasons, the Court denies defendant Retronix's motion for Rule 11 sanctions [docket no. 39]. Plaintiffs are directed to make their Rule 26(a)(1) disclosures by no later than December 31, 2007.

                                                        MATTHEW F. KENNELLY
                                                        United States District Judge

Date: December 13, 2007

---

[3] In this regard, though plaintiffs' local counsel has not been actively involved in the case, the Court expects him to carry out his obligation to ensure that plaintiffs fulfill the requirements imposed by the Federal Rules of Civil Procedure and this Court's local rules.