# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBBIE NOLAN, MICHAEL SCHAEFER, and FABIAN JONES, ) ) ) Plaintiff, ) ) vs. ) ) RETRONIX, INC., RETRONIX ) IRELAND LTD., and BASIL HOLIAN, ) ) Defendants. ) | Case No. 07 C 968 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Robbie Nolan, Michael Schaefer, and Fabian Jones have sued Retronix, Inc., Retronix Ireland, Ltd. (now known as Westerwood (WG) Global Limited), and Basil Holian for breach of contract, violation of the Illinois Wage Payment and Collection Act, battery, assault and intentional infliction of emotional distress. Retronix, Inc. has filed a third party complaint (strictly speaking, a crossclaim) against Retronix Ireland and Holian, asserting claims of contribution and implied indemnity. Retronix Ireland and Holian have moved to dismiss plaintiffs' complaint and the third party complaint and for lack of personal jurisdiction. They have also moved to dismiss the third party complaint for failure to state a claim.

After Retronix Ireland and Holian moved to dismiss plaintiffs' complaint, the Court allowed plaintiffs to conduct discovery on the subject of personal jurisdiction.

Plaintiffs subsequently served written discovery, to which defendants responded. Plaintiffs then sought to take the depositions of two principals of the defendant corporations. After defendants objected, the Court directed plaintiffs to respond to the motion to dismiss based on the information they then had and permitted them to argue in their response why they needed to, and should be allowed to, take the depositions of the two principals. At a status conference held after plaintiffs had filed their response, the Court tentatively concluded that plaintiffs did not need the two depositions to respond adequately to Retronix Ireland's arguments and that the depositions would not assist them in opposing Holian's motion. The Court has now determined that it erred in this regard and therefore will permit plaintiffs to take those depositions before the Court makes a definitive ruling on the personal jurisdiction issue.

With regard to the third party complaint, the Court concludes that Retronix, Inc. has stated viable claims against Retronix Ireland and Holian. On the personal jurisdiction issue, the Court will (as indicated above) defer a definitive ruling pending further discovery by plaintiffs.

**Facts**

When personal jurisdiction is challenged, the plaintiff bears the burden of establishing a prima facie or "threshold" showing that the court may properly exercise jurisdiction over the defendant. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In considering a motion to dismiss for lack of personal jurisdiction, the court accepts the plaintiff's factual allegations as true unless refuted by affidavits or other evidence submitted by the defendant. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Conflicts in the evidence are resolved in favor of the

2

exercise of jurisdiction. *Purdue Research Found.*, 338 F.3d at 782. Applying these standards, the Court finds the relevant facts as follows with respect to the issue of personal jurisdiction.

Nolan, Schaefer, and Jones are citizens and residents of Florida, Idaho, and Arizona respectively. 2d Am. Compl. ¶¶ 2-3. In their second amended complaint, plaintiffs allege that in January 2004, they entered into employment contracts with "Retronix" – a phrase they use in the complaint to describe Retronix, Inc. and Retronix Ireland collectively, *see id.* ¶ 6, under which they were to work at an Intel facility in Ireland. *Id.* ¶ 12. Plaintiffs do not contend that they were solicited for employment in Illinois – none of them reside or resided in this state – nor do they contend that any of the communications that led to their employment were made to or from Illinois. Similarly, plaintiffs do not contend that any of the work they were hired to perform was expected to take place in Illinois.

Plaintiffs began working at the Intel facility in Ireland in March 2004, after they obtained work permits from the government of Ireland. *Id.* ¶ 13. They allege that "Retronix" breached the employment contracts in various ways, including by failing to pay their salaries in full, failing to reimburse them for expenses, making unauthorized deductions from their paychecks, failing to provide periodic assessments of their performance, failing to give them sufficient notice of termination of the contracts, and failing to make accurate reports to United States tax authorities regarding taxes withheld from their pay. *See id.* Counts 1-10. Plaintiffs also allege that certain of these actions by "Retronix" constituted violations of the Illinois Wage Payment and Collection Act. *See id.* Counts 11-13. Nolan also alleges that on February 24, 2005 in Leixlip,

Ireland, he was assaulted by Basil Holian, allegedly an owner, director, and officer of Retronix Ireland, *see id.* ¶ 7; Nolan makes various tort claims against Holian and "Retronix" arising from this incident. *See id.* Counts 14-16.[1]

Plaintiffs do not specify in their complaint (they are not required to do so at this stage of the case) which entity they claim to have contracted with – Retronix Inc. or Retronix Ireland or both. In their response to the motion to dismiss, plaintiffs say that they cannot be certain and that they were led to believe that the two entities were one and the same. There is some evidence that would tend to support such a contention, or at least that Retronix Inc. and Retronix Ireland acted as though the plaintiffs were employed by both entities. Among other things, Nolan has submitted a W-2 form reporting income for 2004 that identifies his employer as Retronix Ireland, Ltd., as well as an earnings statement, also for 2004, that appears to identify him as an employee of Retronix Inc. *See* Pl. Resp., Exs. D & E.

The evidence regarding the employment contract of Nolan, apparently the only plaintiff who executed a written contract, likewise leaves a somewhat muddled picture. Nolan's contract says he is to be employed by "Retronix" without specifying a particular entity. *See id.*, Ex. B. The contract is signed on behalf of "Retronix Inc." by an individual named Tommy Love. Retronix, Inc. says, however, that Love was never one of its employees and that he had no authority to act on its behalf; Retronix, Inc. thinks that Love is an employee of Retronix Ireland. *See id.*, Ex. F, Ints. 12(a)-(g). Consistent

---

[1] It is not entirely clear whether Nolan intends to assert the tort claims against Retronix, Inc., or only against Holian and Retronix Ireland. The captions of counts 14-16 refer only to Retronix Ireland and Holian. However, Nolan refers in the body of those claims to "Retronix," a term that (as noted earlier) he uses to describe Retronix, Inc. and Retronix Ireland collectively.

4

with these assertions, Retronix, Inc. contends that Nolan was never one of its employees and that it believes Nolan was employed by Retronix Ireland. *See id.*, Ints. 13-16.

By contrast, Retronix Ireland says that Love, the person who signed Nolan's contract, was an employee of something called "Retronix, UK." *See id.*, Ex. G, Int. 15. And contrary to Retronix, Inc.'s assertions, Retronix Ireland contends that Nolan was employed by Retronix, Inc. and that Retronix, Inc. supervised his employment in Ireland. *See id.*, Ints. 12, 14, 16. Nolan and Schaefer, however, have submitted evidence that they received W-2 forms identifying their employer as "Retronix Ireland Limited." *Id.*, Ex. D. In addition, the letter terminating Nolan's employment said that his "Contract of Employment with Retronix, Ireland, Ltd. as a Retronix employee . . . has been terminated," and it was signed by a Retronix Ireland employee. *See id.*, Ex. G, Int. 18.

Plaintiffs have submitted evidence indicating that while working in Ireland, they had discussions with Retronix Ireland personnel regarding allegedly inaccurate reporting of their income tax withholding and delays in paying them. *See* Pl. Resp., Ex. H. In one of these e-mails, defendant Holian, who in Retronix Ireland's interrogatory answers categorically denied that Nolan was ever employed by Retronix Ireland, stated that the plaintiffs "represent Retronix Ireland on site" and referred interchangeably to "Retronix Ireland" and "Retronix." *Id.*, p. 4 (e-mail dated Feb. 28, 2005).

According to Retronix, Inc.'s answers to interrogatories, Anthony Boswell, who lives in Scotland, is the sole owner of Retronix, Inc. as well as the founder of an entity called "Retronix, Ltd." Retronix, Inc. is incorporated in Illinois. Pl. Resp., Ex. F, Ints. 2-

5

3.  Boswell currently owns shares in a number of companies bearing the name "Retronix" in their titles, all of which are listed on a common website, www.Retronix.com, which Retronix, Inc. says is owned and maintained by Retronix, Ltd. *Id.*, Int. 4.  Boswell says he owned a minority interest in Retronix Ireland from July 2001 through November 2006.  According to Retronix, Inc.'s interrogatory answers, neither Retronix, Inc. nor Retronix Ireland have ever held an ownership interest in each other or have had a parent-subsidiary relationship.  *Id.*, Int. 10(a)-(b).

According to Retronix Ireland's answers to interrogatories, it is now known as Westerwood (WG) Global Ltd. (an Irish company) and is solely owned by Basil Holian.  Holian and Boswell jointly owned Retronix Ireland until November 2006, when Holian sold his Retronix Ireland stock to Westerwood Investment Holdings Ltd.  *See* Pl. Resp., Ex. G, Ints. 1-2.  According to Retronix Ireland, neither Westerwood entity has any common ownership or other relationship with Retronix, Inc.  *Id.*, Int. 11.

## Discussion

**1.     Personal jurisdiction over Retronix Ireland and Holian**

A federal court may exercise personal jurisdiction over an out-of-state defendant if the defendant is amenable to service in the forum state and the exercise of jurisdiction over the defendant comports with federal due process requirements.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  The Illinois long-arm statute authorizes the court to exercise jurisdiction over a non-Illinois resident to the extent permitted by the United States and Illinois constitutions.  735 ILCS 5/2-209(c).  The Seventh Circuit has indicated that there is no "operative difference between the

limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," and thus the two constitutional analyses collapse into a single inquiry. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002).

Due process permits a court to exercise jurisdiction only when the defendant's contacts with the forum state are such that maintenance of a lawsuit against the defendant in that state "does not offend 'traditional notions of fair play and substantial justice'" – or, to put it another way, the defendant's contacts with the forum state are "such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 297 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction: general and specific. Specific jurisdiction can be asserted when the cause of action "arises out of" or "relates to" the defendant's contacts with the state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). It is less than crystal clear whether plaintiffs contend that the Court has specific jurisdiction over Retronix Ireland or Holian. In their response to defendants' motion to dismiss, plaintiffs cite a provision of the Illinois long-arm statute that deals with specific jurisdiction. *See* Pl. Resp. at 4 (citing 735 ILCS 2-209(a)(1)). They do not, however, develop the point in their brief. Rather, the thrust of plaintiffs' argument appears to be that general jurisdiction exists over Retronix Ireland and Holian via their relationships with Retronix, Inc.

General jurisdiction can be asserted only if the defendant is domiciled in the forum state or maintains "continuous and systematic" contact with the forum state even though the cause of action has no relation to those contacts. *Helicopteros Nacionales*

7

*de Columbia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). As the Seventh Circuit has stated, "[t]hese contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [a] court [in the forum state] in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue Research Found.*, 338 F.3d at 787 (emphasis in original).

Plaintiffs do not argue that Retronix Ireland itself has contacts with Illinois that rise to the level necessary to establish general jurisdiction. Rather, they rely on Retronix Ireland's relationship with Retronix, Inc. and thereby seek to attribute Retronix, Inc.'s contacts with this state to the Irish corporation for jurisdictional purposes. As noted earlier, Retronix, Inc. is incorporated in Illinois; plaintiffs also allege that the company maintains its headquarters in this state. 2d Am. Compl. ¶ 5. A defendant's incorporation in Illinois provides a sufficient basis for a court in this state to exercise personal jurisdiction over the defendant, regardless of where the claim arose. 735 ILCS 5/2-209(b)(4). Presumably for that reason, Retronix, Inc. does not challenge personal jurisdiction.

Plaintiffs suggest, though only in passing, that the Court may exercise jurisdiction over Retronix Ireland on the ground that it is a subsidiary of Retronix, Inc. *See* Pl. Resp. at 14. Their allegation of a parent-subsidiary relationship is, however, only an unsupported assertion in their complaint. As indicated earlier, that allegation is contradicted by sworn interrogatory answers submitted by defendants. Given the current state of the record, the Court cannot base jurisdiction on a purported parent-subsidiary relationship.

Plaintiffs place significant emphasis on statements by representatives of Retronix Ireland that it is or was a "sister" corporation vis-à-vis Retronix, Inc. That sort of non-particularized statement is insufficient, without more, to allow the Illinois entity's contacts with this state to be attributed to the Irish company for jurisdictional purposes. Corporate affiliation, by itself, is insufficient to enable jurisdiction over a resident entity to be leveraged into jurisdiction over a non-resident entity. *See, e.g., Central States, Southeast & Southwest Areas Pension Fund. v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000). Rather, attribution of an in-state entity's contacts in these circumstances typically requires a basis to pierce the corporate veil, *see id.* at 940, or the existence of an agency or partnership relationship between the non-resident and resident entities, *see, e.g., Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 459 (10th Cir. 1996) (agency); *Great Lakes Overseas, Inc. v. Wah Kwong Shipping Group, Ltd.*, 990 F.2d 990, 995-96 (7th Cir. 1993) (partnership).

Plaintiffs spend a significant portion of their response supporting their contention that they have a viable basis to sue both Retronix, Inc. and Retronix Ireland on their contract and employment-based claims. As indicated earlier, there is evidence indicating that plaintiffs may have had an employment relationship with both corporate defendants. The question of which defendant(s) plaintiffs contracted with, however, is an issue of liability. The personal jurisdiction inquiry, by contrast, concerns the relationship between the defendant and the forum state. Specifically, the question before the Court is whether is whether Retronix, Inc.'s Illinois contacts may be attributed to Retronix Ireland.

Plaintiffs have made little effort to address the attribution issue from a legal

9

perspective. On the present record, particularly given the relative lack of development of plaintiffs' legal argument, the Court is hard-pressed to find a basis upon which to attribute the Illinois entity's contacts to the Irish entity for purposes of establishing personal jurisdiction over the latter. *See, e.g., Great Lakes Overseas*, 990 F.2d at 996 ("Under Illinois law, courts will pierce the corporate veil only when, first, there is 'such unity of interest and ownership that the separate personalities [of the corporations] no longer exist' and, second, when circumstances are 'such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.'") (quoting *Sea-Land Servs., Inc. v. Pepper Source,* 941 F.2d 519, 520 (7th Cir. 1991)).

That said, some of the evidence that plaintiffs offered relating to the who-contracted-with-whom question arguably tends to show some blurring of the corporate line between Retronix, Inc. and Retronix Ireland, at least as it relates to the employment of the plaintiffs – or, perhaps, a basis to permit attribution of Retronix, Inc.'s contacts to Retronix Ireland on an agency or partnership basis. In addition, Retronix Ireland and Retronix, Inc. responded to plaintiffs' interrogatories geared to establishing who dealt with whom by, essentially, pointing their corporate fingers at each other. All of this makes the Court disinclined to rule on the personal jurisdiction issue based on the record as it now stands. Rather, the Court is inclined to agree with plaintiffs' previously-asserted position that before the Court makes a definitive ruling on personal jurisdiction, they should be permitted to take the depositions of Boswell and Holian with regard to the jurisdictional issue.

With regard to the claims against Holian, the Court cannot, prior to the taking of his deposition relating to jurisdictional issues, rule out the possibility that he might have

had sufficient contacts with Illinois to permit the assertion of general jurisdiction over him. The Court will likewise defer any definitive ruling on his request to dismiss the tort claims that plaintiffs have asserted against him.

**2.      Third party claims against Retronix Ireland and Holian**

Retronix Ireland and Holian have moved to dismiss Retronix, Inc.'s third party complaint for failure to state a claim. The Court denies the motion. First, because Retronix, Inc. is (as best as the Court can determine) claimed to be jointly liable – along with Retronix Ireland and Holian – on plaintiffs' tort claims, it may assert a claim against them under the Illinois Contribution Act. *See* 740 ILCS 100/2(a). Second, because of the potential for imposition of vicarious liability upon Retronix, Inc. based on the conduct of Retronix Ireland or, conversely, the potential for imposition of liability upon Retronix, Inc. for conduct it undertook as Retronix Ireland's agent, Retronix, Inc. is entitled to maintain a claim against Retronix Ireland for implied indemnity. *See Am. Nat'l Bank & Trust Co. v. Columbus-Cuneo-Cabrini Med. Center*, 154 Ill. 2d 347, 351, 609 N.E.2d 285, 288 (1993) (blameless principal held liable for the acts of its agent is entitled to indemnity from the agent); Restatement (2d) of Agency § 439(c) (1958 & Supp. 2008) and Restatement (3d) of Agency § 8.14, comment b (2006) (addressing entitlement of agent to indemnity from principal for loss incurred while acting as agent); *see also, Virginia Corp. v. Russ*, 27 Ill. App. 3d 608, 610, 327 N.E.2d 403, 405 (1975) (citing Restatement (2d) § 439 with approval).

## Conclusion

The Court sets the case for a status hearing on July 14, 2008 at 9:30 a.m. and

expects counsel to discuss prior to that date the logistics of taking the depositions of Boswell and Holian with regard to the issue of personal jurisdiction. Because of the need for further development of the record, the Court terminates the pending motions to dismiss for lack of jurisdiction [docket nos. 49, 52] and will reopen those motions (without requiring them to be refiled) after completion of the additional discovery the Court has determined to allow. The Court denies third party defendants' motion to dismiss the third party complaint for failure to state a claim. Third party defendants will not be required to answer the third party complaint until the Court has dealt with the issue of personal jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 7, 2008